ARCHIBALD T. McCORKLE v. WILLIAM EARLE.

Where the note sued on was for $228 33⅓, to draw twelve per cent. interest per annum from date if not paid at maturity, and the defence was that the $28 33⅓ was usurious interest, and the evidence sustained the defence, but the jury found for the plaintiff $200 and interest from the date of the note at twelve per cent. per annum, for which plaintiff had judgment; on appeal, after motion for new trial overruled, this Court reversed and reformed the judgment, so as to allow plaintiff the $200 only.

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

Suit by appellee against appellant and Job C. Chambers, on a

promissory note for $228 33⅓, dated April 16th, 1855, payable January 1st, 1856, with a stipulation that if it was not paid at maturity, it should draw twelve per cent. interest from date until paid ; signed by appellant ; payable to said Chambers ; and indorsed by Chambers to plaintiff. Answer by defendant McCorkle, that when he signed the note, he thought it was for $200, only, and that he was signing as surety for Chambers in a joint note with him ; that he had only agreed to sign such a note, and that his signature to the note sued on was obtained by fraud on the part of plaintiff, and inadvertence, in the midst of other business, on the part of this defendant ; but there was no evidence in support of this defence. Answer further, that the note was given for a loan of $200 from plaintiff to Chambers, and that the $28 33⅓ was usurious interest for the forbearance from the date until the maturity of the note. The plaintiff dismissed as to Chambers, who had only pleaded a general demurrer and general denial.

The evidence was that it was first agreed between Earle and Chambers, and between the latter and McCorkle, that the latter should become Chambers' surety in the note, upon condition that Chambers would secure him by mortgage on a house and lots in Belton, on which Chambers still owed one Bonner $150 of purchase money ; and the note was drawn and assigned to Earle for $200 ; but instead of a mortgage on the house and lots, it was then agreed between McCorkle and Chambers and Bonner, that McCorkle should take the property, and pay the balance of $150 to Bonner ; and McCorkle to pay the note sued on. It was proved that McCorkle had expressed his willingness to pay the $200 and twelve per cent. interest thereon, but plaintiff refused to accept it.

There were no instructions in the record. Verdict and judgment for plaintiff for $200, and interest at twelve per cent. from the date of the note. Motion for new trial overruled, &c.

*Saunders & Barber*, for appellant.

*Chamberlin & Flint*, for appellee.

HEMPHILL, CH. J. Suit by Earle against McCorkle, on a promissory note for $228 33⅓, executed by McCorkle to J. C. Chambers, and by the latter assigned to Earle. The principal

defence is the plea of usury; that the consideration of the note was two hundred dollars loaned by Earle, the plaintiff, to Chambers; but that the note was for two hundred and twenty-eight $\frac{33}{100}$ dollars; the twenty-eight dollars and thirty-three $\frac{1}{3}$ cents being the amount of interest on two hundred dollars, at twenty per cent. from the 16th April, 1855, the date of the note, to the first day of January, 1856, the day on which it became due.

From the evidence it appears manifestly, that McCorkle was in fact but the surety of Chambers for the payment of the loan; and that the whole transaction was a matter of arrangement between the parties. Whether the note was, by connivance and without the knowledge of defendant, drawn for more than two hundred dollars, is, in a legal point of view, of no consequence. If the note be tainted with usury, whether with or without the knowledge or consent of the maker, it is equally void and of no effect, as to the whole premium or rate of interest. By their verdict the jury found for the plaintiff two hundred dollars, with interest at twelve per cent. from the date of the note.

This was, perhaps, on the statement of the defendant, in the presence of a witness, that the note was for too much; that his contract was for two hundred dollars and interest, and that he was willing to pay that amount, with interest at twelve per cent. This offer was however not accepted by the plaintiff, and the suit being brought on the note, and the defendant availing himself of the legal defence of usury, the judgment must be reversed and reformed so as to allow recovery only for the true consideration of the note, without interest, viz: in the sum of two hundred dollars.

Reversed and reformed.